IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| QUEWAYNE BUDHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| JIMMY SIMPSON, ) | DEMAND FOR TRIAL BY JURY |
| and XAT LOGISTICS, LLC ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Quewayne Budham, by and through undersigned Counsel and for the relief hereinafter sought, respectfully shows as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, Quewayne Budham ("Budham"), brings action for personal injuries and damages sustained in and arising from a tractor trailer accident that occurred on or about October 24, 2023. At all times material to the allegations of this complaint, Budham was and is an individual over the age of nineteen (19) years who is a resident citizen of Broward County, Florida.

2. Defendant Jimmy Simpson ("Simpson"), upon information and belief at all times material to the allegations of this complaint, was and is an individual over the age of nineteen (19) years who is a resident citizen of Grand Prairie, Dallas County, Texas. He may be served at 2255 Arkansas Lane Apt 3118 Grand Prairie, Texas. At the time of the basis forming this Complaint, Simpson was operating his tractor trailer in furtherance of business purposes.

3. Defendant XAT Logistics, LLC ("XAT") is a limited liability company in California and with its principal place of business in California, which at all times pertinent to this

civil action operated a trucking business in the State of California and which employed Jimmy Simpson as the driver of a commercial vehicle on the date of the collision forming the basis of Plaintiff's complaint. Defendant XAT Logistics, LLC may be served through its Registered Agent, Shadan Al Sangawi 997 Avocado Avenue EL Cajon, CA 92020.

4. A controversy exists between the Plaintiff and Defendants involving more than Seventy-Five Thousand Dollars. ($75,000.00).

5. Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. 1332).

## II. FACTUAL ALLEGATIONS

6. On October 24, 2023, Plaintiff, Budham, was asleep within the cabin of his International tractor trailer located in the parking lot of the TA Travel Centers of America located at 305 Howard Baker Hwy, Pioneer, Cambell County, Tennessee 37847. At the time of the accident, Defendant Simpson was attempting to exit the TA Travel Centers of America parking lot in his 2016 Freightliner tractor trailer when he collided with the Plaintiff's vehicle.

7. As Plaintiff was lawfully parked and asleep within the cabin of his vehicle, the Defendant, Simpson, negligently or recklessly permitted, allowed or caused his tractor-trailer to collide with the vehicle occupied by Plaintiff.

8. Plaintiff further alleges that as the result of the aforesaid motor vehicle accident, Plaintiff sustained serious, permanent, painful and/or disabling injuries including but not limited to injuries to his head, neck, shoulders, elbows, back, left wrist, and with multiple other abrasions, lacerations and/or bruising about his body. Plaintiff was required to seek medical treatment; he has incurred resulting medical expenses and will be required to do so in the future.

9. Plaintiff further alleges that as a result of his injuries, he has suffered and incurred lost wages and/or a loss of earning capacity, that he has incurred the cost of replacement services and will be required to do so in the future.

### III. NEGLIGENCE/RECKLESSNESS

10. Plaintiff here and now incorporates by reference all that set forth in paragraphs 1-9 above as if set forth verbatim.

11. Plaintiff further alleges that his injuries and damages were proximately caused by the Defendant, Simpson's combining and concurring acts of negligence including but not limited to the following:

- Failure to exercise due care and caution;
- Failure to keep his vehicle under safe and proper control;
- Failure to maintain a proper lookout;
- Failure to maintain his vehicle in its proper lane of traffic;
- Reckless driving;
- Driving in a careless disregard for the safety of other users.

12. Plaintiff further alleges that his injuries and damages were proximately caused by the Defendant, Simpson's combining and concurring violation of the following statutes of the State of Tennessee, said violations singularly and/or combined with other acts of negligence constituting reckless conduct and gross negligence:

- TCA §55-8-136; Exercising due care;
- TCA §55-8-123: Maintaining traffic lane; and
- TCA §55-10-205; Reckless driving.

13. Plaintiff avers that the negligence or reckless conduct of the Defendant directly or proximately caused the Plaintiff's injuries as herein above alleged.

### IV. NEGLIGENT/RECKLESS HIRING, SUPERVISION, RETENTION AND ENTRUSTMENT

3

14. Plaintiff here and now incorporates by reference all that set forth in paragraphs 1-13 above as if set forth verbatim.

15. Defendant, Simpson, was working as an employee of XAT, at all times relevant to this Complaint.

13. Defendant, XAT, hired Simpson as an employee with actual knowledge that Simpson would be responsible for operating a motor vehicle on Tennessee's roadways within the line and scope of his employment.

14. Defendant, XAT, knew at the time it hired Simpson as an employee that he was unfit to be a commercial driver.

15. Defendant, XAT, knew at the time it hired Simpson as an employee that ordinary care required Defendant, XAT, to train and instruct its employees regarding reasonable and expected conduct and behavior of Defendant, XAT's employees, both in general and to observe and obey the traffic laws of the State of Tennessee.

16. Upon information and belief Defendant, XAT, negligently or recklessly hired, trained, and supervised Simpson in that it failed to ascertain whether Simpson was a safe and skillful driver, failed to adequately train Simpson in the safe operation of a motor vehicle and failed to properly supervise him in the safe operation of a motor vehicle.

## V. RESPONDEAT SUPERIOR

17. Plaintiff here and now incorporates by reference all that set forth in paragraphs 1-16 above as if set forth verbatim.

18. On October 24, 2023, at the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant, XAT, was the principal and/or employer of Defendant Simpson.

19. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Simpson was acting as the agent, servant and/or employee of Defendant, XAT.

20. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Simpson was acting within the line and scope of his employment with Defendant, XAT.

21. At the time of the occurrence forming the basis of the Plaintiff's Complaint, Simpson was operating a vehicle in furtherance of the business purposes of Defendant, XAT.

22. As a result of the foregoing, Defendant, XAT., is vicariously liable to Plaintiff, Budham, for the negligent and/or reckless conduct of Simpson that proximately caused the injuries to Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Quewayne Budham, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendants for compensatory and/or punitive damages, in an amount to be shown by the evidence at trial. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

Respectfully submitted,

**TURNBULL HOLCOMB & MOAK, P.C.**

By: _____
Brett H. Hollett, Esq. (TN Bar # 037405)
Attorney for Plaintiff

OF COUNSEL:

**TURNBULL, HOLCOMB & MOAK, PC**
2501 20th Place South, Ste. 425
Homewood, AL 35223
Telephone: (205) 831-5040
Facsimile: (205) 848-6300
bhollett@turnbullfirm.com


**TO CLERK: PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

**XAT LOGISTICS, LLC**
c/o Registered Agent, Shadan Al Sangawi
997 Avocado Avenue EL Cajon, CA 92020.

**JIMMY SIMPSON**
2255 Arkansas Lane Apt 3118
Grand Prairie, Texas